LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Kinga L. Wright (SBN 313827)
kinga.wright@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Defendants
Caliber Home Loans, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DOO M. KO, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. BANK TRUST, N.A., as TRUSTEE for LSF9 MASTER PARTICIPATION TRUST; CALIBER HOME LOANS, INC.; QUALITY LOAN SERVICE CORPORATION, AND DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | CASE NO.: 8:19-cv-1268 <br><br> **NOTICE OF REMOVAL BY DEFENDANT CALIBER HOME LOANS, INC., PURSUANT TO 28 U.S.C. § 1332** <br><br> [DIVERSITY JURISDICTION] <br><br> [Removed from Superior Court of California, County of Orange, Case No. 30-2019-01070727] <br><br> Complaint Filed: May 20, 2019 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Caliber Home Loans, Inc., through its undersigned counsel, hereby removes the above-captioned action from the Superior

Court of the County of Orange to the United States District Court for the Central District of California – Southern Division. Removal is based on 28 U.S.C. § 1332 and is authorized by 28 U.S.C. § 1441. As grounds for removal, Caliber states as follows:

## STATEMENT OF THE CASE

1. On May 20, 2019, an action was commenced by Plaintiff Doo Ko ("Plaintiff") in the Superior Court of California for the Orange, styled as *Doo Ko v. Caliber Home Loans, Inc.*, *et al.*, Case No. 30-2019-01070727 (the "State Court Action").

2. Plaintiff served Caliber on May 23, 2019. "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Formal service is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).This Notice of Removal is filed within 30 days of service of process on Caliber. Removal is therefore timely under 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Caliber are attached hereto as Exhibit A.

## JURISDICTION

4. The complaint asserts five causes of action: (1) wrongful foreclosure, (2) fraud, (3) injunctive relief, (4) temporary restraining order, preliminary and permanent injunction, and (5) declaratory relief.

5. District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" and is between citizens of different states. 28 U.S.C. § 1332.

6. Since the filing of the complaint, Plaintiff has been, and continues to be a citizen of California. Compl. ¶ 2. "[P[lace of residence is prima facie the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Thus, a preponderance of the

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

evidence demonstrates that Plaintiff is domiciled in California and, as a result, is a citizen, for diversity purposes, of California.

7. Defendant Caliber is a Delaware corporation, and its principal place of business is Texas. *See* 28 U.S.C. 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005) (a corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business). Caliber's "high level officers direct, control, and coordinate the corporation's activities" out of its Texas offices. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Thus, Caliber is a citizen of Delaware and Texas.

8. Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (the "Trust") is a national bank association. A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association. 28 U.S.C. § 1448; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *accord Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014). The Trust's main office is located in Delaware. Thus, the Trust is a citizen of Delaware.

9. Quality Loan Service Corporation ("Quality Loan") is a nominal party and, therefore, not included for purposes of diversity. Under California law, a trustee under a deed of trust named in a civil action may become a nominal party by filing a declaration of non-monetary status. Cal. Civ. Code § 2924*l*(a). A plaintiff then has fifteen days to object to the declaration. Cal. Civ. Code § 2924*l*(c). If the fifteen-day period passes without objection, then the trustee becomes a nominal party. Cal. Civ. Code § 2924*l*(d); *Silva v. Wells Fargo Bank, N.A.*, No. CV 11-3200 GAF (JCGx), 2011 U.S. Dist. LEXIS 64636, at *11 (C.D. Cal. June 16, 2011) ("District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction."). Quality Loan, trustee under the deed of trust implicated in this action, filed and served a declaration of nonmonetary status on May 30, 3019. *See*

Ex. A. Plaintiff had until June 14, 2019 to object to the declaration of nonmonetary status. Plaintiff did not object. Thus, Quality Loan became a nominal party.

10. Additionally, Plaintiff has sued Quality Loan in its capacity as agent of the Trust. The Ninth Circuit has held that an agent "cannot be held individually liable as a defendant unless [it] acts for [its] own personal advantage." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). As such, if a plaintiff does not allege that the agent is a dual agent or acted for its own personal advantage, then the agent has no individually liability and its citizenship does not destroy diversity jurisdiction. *See e.g., Nong v. Wells Fargo Bank, N.A.*, No. SACV 10-1538 JVS (MLGx), 2010 U.S.Dist. LEXIS 131890, at *4 (C.D. Cal. Nov. 22, 2010). Plaintiff alleges that Quality Loan acted at the direction of the Trust and does not allege the required individual liability or dual agency necessary for overcoming agent status. Compl. ¶ 66. Therefore, Quality Loan is an agent and its presence in this case does not destroy this Court's diversity jurisdiction.

11. There is more than $75,000 in controversy in this action. Plaintiff seeks compensatory damages in the amount of $10,000,000.00 for each cause of action and punitive damages in an amount in excess of $10,000,000.00. Compl. at 27:11 – 12, 16 – 17. Further, in cases involving mortgage loans, the amount in controversy may be established by the value of the property or the loan amounts. *See Corral v. Select Portfolio Servicing, Inc.*, Case No. 15-16574, 2017 WL 6601872 *3 (9th Cir. Dec. 27, 2017) ("When a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property. Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy"). Plaintiff's lawsuit concerns a loan in the amount of $832,000.00, secured by the subject property. Compl., Ex. A at 2. Additionally, Plaintiff seeks to permanently enjoin a transfer of the property and to reconvey title to him. Compl. ¶¶ 97, 99. Thus, the value of the property and amount of

indebtedness are proper measures of the amount in controversy. These amounts exceed $75,000.

12. Accordingly, this Court has jurisdiction over this action because the requirements of 28 U.S.C. § 1332(d) are satisfied.

## VENUE

13. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the Central District of California – Southern Division, is the federal judicial district embracing the Superior Court of California for the County of Orange, where the State Court Action was originally filed.

## JOINDER OF ALL DEFENDANTS

14. The only other defendants in this action, Quality Loan and the Trust, have consented to this removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.")

## OTHER PROCEDURAL REQUIREMENTS

15. A copy of this Notice of Removal will be promptly served upon all parties and filed with the Clerk of the Superior Court of the County of Orange. See 28 U.S.C. §§ 1446(a), (d).

16. This Notice of Removal is signed by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

## CONCLUSION

Caliber intends no admission of fact, law, or liability by this Notice and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, Caliber prays that the State Court Action be removed to this Court, that all further proceedings in the State Court Action be stayed, and that Caliber receive additional relief to which it is entitled.

| | | |
|---|---|---|
| Dated: June 24, 2019 | | Respectfully submitted, |
| | | LOCKE LORD LLP |
| | | |
| | | By: */s/ Kinga L. Wright* |
| | |     Regina J. McClendon |
| | |     Kinga L. Wright |
| | | Attorneys for Defendant Caliber Home Loans, Inc. |

Dated: June 24, 2019

Respectfully submitted,
LOCKE LORD LLP

By: */s/ Kinga L. Wright*
    Regina J. McClendon
    Kinga L. Wright
Attorneys for Defendant Caliber Home Loans, Inc.

**Locke Lord LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104